**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANEELA GHOURI,

        Plaintiff - Appellant,

    v.

JOHNSON & JOHNSON LONG TERM
DISABILITY PLAN and REED GROUP,

        Defendants - Appellees.

No. 09-16817

D.C. No. 3:08-cv-04612-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.[**]

Plaintiff-Appellant Aneela Ghouri appeals from the district court's order

granting the motion for summary judgment filed by the Defendants-Appellees,

Johnson & Johnson Long Term Disability Plan (the "LTD Plan") and the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

administrator of the LTD Plan, the Reed Group. The district court affirmed a decision by the LTD Plan Review Committee to discontinue Ghouri's long-term disability benefits when she failed to timely respond to Reed's request for proof that her disability was continuing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order *de novo*, and we affirm.

The LTD Plan states that if a request for additional information is not answered timely, "no benefit under this Plan shall be payable." The undisputed facts show that Ghouri did not provide the information Reed requested by either the 15-day deadline in the LTD Plan or the 30-day deadline in the request, nor did she request additional time to respond. In denying Ghouri benefits, Reed and the Pension Committee relied on an independent medical opinion by Dr. Friedman, which was based on his own observations and a number of objective tests. Dr. Friedman opined that Ghouri was not disabled and was capable of performing "any job commensurate with her training, education or experience." Although Dr. Friedman did not specifically address whether Ghouri suffered from any cognitive disabilities that would have prevented her from responding to the request for medical information, the Pension Committee could reasonably infer from Dr. Friedman's report that no such impairment existed.

2

The district court correctly applied the abuse of discretion standard because there is no evidence that either the LTD Plan or Reed had a conflict of interest that would warrant a high level of skepticism. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc).

Ghouri argues on appeal that Reed should be precluded from relying on the LTD Plan's deadline since the letter sent by Reed gave her 30 days from the date of the letter (which was February 2, 2007), instead of 15 days from receipt of the letter (which was February 1, 2007). This argument would make sense if Ghouri had responded on February 2, 2007, or even requested additional time to respond by then, but she did not, and Reed waited until both deadlines had passed before terminating her benefits. Thus, the difference in deadlines is immaterial.

The deadlines might seem unduly strict, but the plan is allowed to draft the terms however it wishes, so long as those terms do not violate federal law. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833–34 (2003). There is no federal law prohibiting a 30-day deadline to respond to a request for further proof of disability, nor even a 15-day deadline.

Ghouri also claims the Pension Committee did not rely on its own deadline to deny her second appeal. Because Ghouri did not raise this issue in the district court, she did not preserve it for appellate review. In any event, we fail to see how

3

the LTD Plan acted arbitrarily or capriciously by seeking medical information to verify Ghouri's claim that her cognitive difficulties prevented her from responding on time, especially when the record was devoid of such evidence. And, again, she fails to show how this delay prejudiced her.

Finally, Ghouri presented no evidence to undermine Dr. Friedman's credibility or to otherwise raise a triable issue of material fact as to whether Reed and the Pension Committee acted arbitrarily or capriciously when relying on Dr. Friedman's opinion that Ghouri's disability did not prevent her from complying with Reed's request for additional information in a timely manner.

**AFFIRMED.**